

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. WR-86,428-02

**EX PARTE SERGIO LOUIS TREVINO, Applicant**

**ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 14-1951-CR-C-B IN THE 25TH DISTRICT COURT
FROM GUADALUPE COUNTY**

*Per curiam*.

**O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was originally charged with continuous sexual abuse of a young child, but pleaded guilty to three counts of aggravated sexual assault of a child, and two counts of indecency with a child by contact. He was sentenced to seventy years for the aggravated sexual assault counts and fifteen years for the indecency counts, to be served concurrently. He did not appeal his conviction.

Applicant contends, among other things,[1] that his plea was involuntary because he was advised by trial counsel and believed that he would be eligible for parole on any sentences he received as a result of his plea in this case, whereas if he had pleaded guilty to or been convicted of continuous sexual abuse of a young child, he would not have been eligible for parole pursuant to Section 508.145(a) of the Texas Government Code. During the punishment hearing, the State argued that but for the plea agreement in this case, Applicant would be ineligible for parole. The State argued that Applicant had received the benefit of parole eligibility in exchange for his plea to the lesser offenses.

Under Section 508.145(a) of the Texas Government Code, an inmate serving a sentence for aggravated sexual assault punishable under Subsection (f) of Section 22.021 of the Texas Penal Code is not eligible for release on parole. Subsection (f) applies if the victim of the offense was younger than six years old at the time the offense was committed.

The State in its answer argues that none of the charges to which Applicant pleaded guilty alleged that the victim was under six years old, and that there is no finding in the judgment that the victim was under the age of six. The State argues that Applicant is not ineligible for parole pursuant to Section 508.145(a) of the Texas Government Code. However, the judgment does, in fact contain a notation that the age of the victim at the time of the offenses was four years old, and indicates that the offense dates were "9/1/07 - 7/28/14."[2] The Texas Department of Criminal Justice's offender

---

[1]This Court has considered Applicant's other claims and finds them to be without merit.

[2]It is possible that the notations in the judgment were clerical errors, in which case they would be subject to correction by way of a judgment *nunc pro tunc.* If the trial court does determine that they are clerical errors and enters a judgment *nunc pro tunc*, copies of such judgment should be forwarded to this Court and to the Texas Department of Criminal Justice.

database indicates that Applicant is being treated as ineligible for parole for these sentences. If Applicant pleaded guilty to these offenses after having been erroneously advised that he would be eligible for parole as the record suggests, then such erroneous advice may have rendered his guilty pleas involuntary. *See Ex parte Moussazadeh,* 361 S.W.3d 684 (Tex. Crim. App. 2012).

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that his plea was involuntary. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: December 5, 2018
Do not publish